UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UMA R. KANDAN ) | |
| ) | Case No: 24-2089 |
| **Plaintiff** ) | |
| ) | Section: (3) |
| v. ) | |
| ) | Magistrate Judge |
| ANDREA R. LUCAS, ) | Dossier |
| ACTING CHAIR, ) | |
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | |
| ) | |
| **Defendants** ) | |

**REPLY BRIEF IN RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE WITNESS LIST**

**NOW INTO COURT**, through the undersigned counsel, comes Plaintiff, Uma R. Kandan, who files this Reply Brief in response to Defendants' Opposition to Plaintiff's Motion for Leave to Amend the Witness List (ECF No. 71).

Respectfully submitted,

Chirinos Law Firm PLLC
By: */s/ Tulio D. Chirinos*
Tulio D. Chirinos (TA)
La. Bar Roll No. 35079
370 Camino Gardens Blvd., Suite 106
Boca Raton, FL 33432
Tel.: (561) 299-6334
tchirinos@chirinoslawfirm.com

Carlos Cano
Cano Law LLC
La. Bar Roll No. 36822
2701 Metairie Rd.
Metairie, La. 70001
Direct: (504) 909-3822

Fax: (504) 910-2266
ccano@canolaw.com

Andrew Lacy, Jr. (*Pro Hac Vice*)
The Lacy Employment Law Firm LLC
3675 Market Street, Suite 200
Philadelphia, PA 19104
Office: (412) 301-3908
Direct: (412) 407-9099
Andrew.Lacy@lacylegal.com

Nicole Cverko (*Pro Hac Vice*)
Chirinos Law Firm PLLC
11 Broadway Ste 615
New York, NY 10004-1490
Tel: 646-559-9952
ncverko@chirinoslawfirm.com

***Attorneys for Plaintiff***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UMA R. KANDAN** ) | |
| ) | Case No: 24-2089 |
| **Plaintiff** ) | |
| ) | Section: (3) |
| v. ) | |
| ) | Magistrate Judge |
| **ANDREA R. LUCAS,** ) | Dossier |
| **ACTING CHAIR,** ) | |
| **EQUAL EMPLOYMENT** ) | |
| **OPPORTUNITY COMMISSION** ) | |
| ) | |
| **Defendants** ) | |

## PLAINTIFF'S REPLY BRIEF

On September 22, 2025, Plaintiff informed Defendants' counsel that she intends to drop all but one witness from her initial motion for leave to amend the witness list (ECF No. 63) and amended witness list (ECF No. 59). As such, this brief will focus almost exclusively on one witness, Jennifer Mitchem, who is currently employed by the EEOC and a resident of New Orleans, Louisiana.

*Firstly*, Defendants' conduct in this case severely undercuts their request that this Court strictly and without discretion enforce the scheduling order. As indicated in Plaintiff's opening motion, Defendants themselves submitted their witness and exhibit list five days after the July 25, 2025, deadline, on July 30, 2025. (ECF No. 63 at 2). Defendants emailed Plaintiff's counsel to explain his oversight, a calendaring issue, after missing the deadline. Plaintiff's counsel immediately informed Defendant's counsel that they would not object to the delayed filing out of professional courtesy. Defendants neither filed a motion for leave nor presented good cause to diverge from the Scheduling Order, and they never obtained the Court's consent, yet they now

1

advocate for absolute fidelity to this Court's Order, which they themselves ignored. (*See* ECF No. 71 at 3) (citing to Federal Rule of Civil Procedure 16(b)(4) "A schedule may be modified only for good cause and with the judge's consent.").

*Secondly*, Defendants in their opposition brief endeavor to mischaracterize and simplify Plaintiff's good cause argument to the following: Ms. Mitchem's inclusion should be permitted because Plaintiff was unaware that the selecting official had faced prior allegations of gender bias (ECF No. 71 at 1). Beyond the fact that Plaintiff never once stated exactly that, Plaintiff's submission of an amended witness list 7 weeks after the July 25, 2025, deadline, but 6 weeks before trial, (ECF No. 22), is proportionate to when Plaintiff learned of new and specific allegations Ms. Mitchem had against Rayford Irvin which are remarkably similar to hers. As was stated in Plaintiff's opening motion, Plaintiff and other EEOC female employees[1] who worked under Mr. Irvin all knew he had repeatedly been accused of gender bias. What Plaintiff did not know was the degree and severity of the analogous mistreatment suffered by other female colleagues. This only came to light through deposition testimony after the Court's July 25, 2025, deadline. Defendants in the same paragraph also suggest that Plaintiff, because of her 24 years of service with the EEOC, should have found and discussed her gender discrimination with Irvin's other victims to avoid a situation where she would only learn of the discrimination they suffered through discovery depositions: "Despite working for the Equal Employment Opportunity Commission ("EEOC") for more than 24 years, Plaintiff claims that the nine additional witnesses, who she states are all former and current EEOC employees, only became known to her through discovery." (ECF No. 71 at 1). The EEOC has improperly and bizarrely placed the burden on its own female employees to investigate and discuss one another's discrimination allegations. The

---

[1] As noted above, Plaintiff has since elected to call only Ms. Mitchem as a trial witness and has dropped the other 8 witnesses.

2

EEOC has also taken the posture that it was somehow Plaintiff's responsibility to have corralled those 9 witnesses into participating in the EEO administrative process that Plaintiff was obligated to complete prior to filing her complaint in Federal Court, even though it was Plaintiff's employers' responsibility to conduct this investigation. *Id*. If the EEOC sees deficiencies in its own internal workplace investigation on discrimination, though that is its very mission to the public, it is inappropriate to lay the blame at Plaintiff's feet.

*Thirdly*, Defendants further mischaracterize Plaintiff's motion for leave stating that Plaintiff alleged only knowing about Ms. Mitchem after the depositions. (ECF No. 63 at 4). However, in her motion for leave Plaintiff fully discusses that Mr. Kingsley's EEO administrative affidavit mentioned Ms. Mitchem, however that affidavit did not include critical facts that were later learned through the depositions, as will be outlined below. This was squarely[2] addressed in Plaintiff's motion for leave. (ECF No. 63 at 7). The new and material information adduced by the Kingsley and Rung depositions was then discussed in the "full page of her six-page memorandum" that Plaintiff dedicated to Ms. Mitchem (ECF No. 71 at 5). This included an incident where Ms. Mitchem herself was disciplined for standing her ground during a staff meeting when a male employee instigated an argument. Mr. Kingsley testified to having witnessed this as an example of how women were disciplined or chastised when they spoke up in meetings with Mr. Irvin and other male leaders. The new information also included how Ms. Mitchem had raised prior complaints in the context of her non-selection for the enforcement supervisor position in New Orleans in 2021, specifically that a male superior and panel member, Travis Nicholson (also

---

[2] "Plaintiff anticipates Defendant may argue that Plaintiff was aware of Ms. Mitchem prior to the submission of Plaintiff's witness list on July 25, 2025, because her name appeared in a November 9, 2023 affidavit that Mr. Kingsley provided during the EEOC's internal investigation of Plaintiff's complaint and which was produced during discovery. However, as explained herein, the recent depositions of Mr. Kingsley and Mr. Rung revealed new and material information regarding Ms. Mitchem that was not contained in the affidavit."

involved in Plaintiff's panel), had provided another male, Michael Kirkland (the successful candidate in both Plaintiff's and Ms. Mitchem's job competitions), the answers before their panel interview. (ECF No. 63 at 4-5).

*Fourthly*, Defendants also rely on Plaintiff's August 12, 2025, deposition date, and Kevin Rung's August 5, 2025, deposition to seemingly suggest Plaintiff should have at the beginning of August added Ms. Mitchem to their witness list. (ECF No. 71 at 4). This wholly ignores that the deposition of Andrew Kingsley only occurred on August 25, 2025, which is when Plaintiff has consistently held she learned most of the new information about Ms. Mitchem. Further, Defendants allege that Mr. Kingsley testified that Plaintiff was present during the incident that led to Ms. Mitchem's disciplinary action. However, Mr. Kingsley's deposition does not support this assertion and Defendants provide no citation supporting such statement. (ECF No. 71 at 4).

*Fifthly*, Defendants seek to impute knowledge to Plaintiff given her supervisory role at the EEOC while ignoring their responsibilities to Plaintiff as their own employee. (ECF No. 71 at 4). Just because Plaintiff was in Ms. Mitchem's chain of command, does not mean she knew about the disciplinary action taken against Ms. Mitchem, Plaintiff oversaw numerous employees. Similarly, just because Plaintiff was on Ms. Mitchem's interview panel when Mitchem was not selected, does not mean she had knowledge of the discriminatory allegations that Ms. Mitchem raised surrounding that selection process, and specifically the actions of other male employees in that process. Again, the EEOC is delegating its investigative responsibilities, as both Ms. Mitchem's employer, and ironically as the EEOC, to Plaintiff. Further, Plaintiff has claimed Title VII discrimination against her employer due to her non-selection for a promotion and disclosed her associated health issues, including high blood pressure. It is also not uncommon for victims of discrimination to suffer shame, anxiety, depression and sadness and it's difficult for them to come

4

forward with their experiences, even to each other. It is not Plaintiff's responsibility to track or recall every incident involving other EEOC employees while she herself was suffering from discrimination by her employer.

*Sixthly*, Defendants further allege Plaintiff has not explained why Ms. Mitchem's testimony is relevant to her own claim of non-selection or of any triable issue. (ECF No. 71 at 5). As Plaintiff repeatedly stated in her motion, Ms. Mitchem is well placed to provide supporting testimony regarding Irvin's mistreatment of women at the EEOC based on her own personal experiences, especially as it pertains to non-selection and to Irvin's differential treatment of women at meetings which are critical to demonstrating leadership and securing advancement at the EEOC. (ECF No. 63 at 4-5). Because a core issue is whether Plaintiff was discriminated against due to her gender, testimony about similar treatment of other women by Irvin—particularly in non-selections—shows a clear pattern of prejudice. It shows that it was impossible for women, like Plaintiff and Ms. Mitchem or Jennifer Ortiz Prather, to be promoted at the EEOC because of the institutional double standards, the impossibility of meeting Irvin's expectations that women should be demure while also competing for leadership opportunities, the silencing, and the obstacles placed in their way, while men such as Mr. Kirkland were aided by other male superiors in purportedly impartial competitions for managerial positions. This pattern of discrimination –experienced by Ms. Mitchem and Ms. Prather- lends weight to Plaintiff's own claims, without the need for a gender-based hostile work environment claim. The EEOC dedicated much of their motion in limine to excluding such evidence because they are aware of how damaging such a wave of "me too" testimony would be to their organization given their institutional failure to protect their own female employees. The jury must hear the necessary context about the workplace environment and the circumstances of the non-selection decision. Defendants' argument about this litigation turning

into a 'sprawling trial' with 'distracting mini trial[s]' seeks to mislead and alarm the Court into narrowing this case while ignoring the broader pattern of bias. Given the EEOC has demonstrated repeatedly it lacks the capacity to police itself and protect the female public servants within its doors the jury should be given the opportunity to do so.

*Lastly*, Ms. Mitchem is located in New Orleans where the trial is set to occur and neither party has deposed her and therefore neither party has special insight into her testimony other than what Mr. Kingsley and Mr. Rung spoke to during their depositions. Although Plaintiff's trial witness list includes other EEOC employees, Ms. Mitchem is the only one who can testify about how she was disciplined for speaking up as men did freely at the EEOC, she is also another woman who was not selected over Mr. Kirkland, where Mr. Nicholson also sat on her panel, and where Mr. Irvin acted as the selecting official. Plaintiff has made good faith efforts to narrow the focus for this trial, such as cutting her amended witness list down from 9 witnesses to 1 and stipulating to dismissing count II of her complaint. (ECF No. 72). Thus Ms. Mitchem's anticipated testimony is both unique and necessary for Plaintiff to appropriately present her case to the jury.

Respectfully submitted,

Chirinos Law Firm PLLC

By: */s/ Tulio D. Chirinos*
Tulio D. Chirinos (TA)
La. Bar Roll No. 35079
370 Camino Gardens Blvd., Suite 106
Boca Raton, FL 33432
Tel.: (561) 299-6334
tchirinos@chirinoslawfirm.com

Carlos Cano
Cano Law LLC
La. Bar Roll No. 36822
2701 Metairie Rd.
Metairie, La. 70001
Direct: (504) 909-3822
Fax: (504) 910-2266
ccano@canolaw.com

Andrew Lacy, Jr. (*Pro Hac Vice*)
The Lacy Employment Law Firm LLC
3675 Market Street, Suite 200
Philadelphia, PA 19104
Office: (412) 301-3908
Direct: (412) 407-9099
Andrew.Lacy@lacylegal.com

Nicole Cverko (*Pro Hac Vice*)
Chirinos Law Firm PLLC
11 Broadway Ste 615
New York, NY 10004-1490
Tel: 646-559-9952
ncverko@chirinoslawfirm.com

***Attorneys for Plaintiff***