UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UMA R. KANDAN ) | |
| ) | Case No: 24-2089 |
| **Plaintiff** ) | |
| ) | Section: (3) |
| v. ) | |
| ) | Magistrate Judge Dossier |
| ANDREA R. LUCAS, CHAIR, EQUAL ) | |
| EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION ) | |
| ) | |
| **Defendant** ) | |

**DEFENDANT'S TRIAL MEMORANDUM REGARDING FED. R. EVID. 611(c)(2)**

**MAY IT PLEASE THE COURT:** Defendant, Andrea Lucas, Chair of the Equal Employment Opportunity Commission, respectfully submits her trial brief on the proper interpretation and application of Fed. R. Evid. 611(c)(2), which allows, but doesn't require, leading question on direct exam "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party."

Ordinarily, a party can't use leading questions in direct examination in its case in chief. Fed. R. Evid. 611(c). The justifications for this well-settled rule are obvious. "First, that the witness is presumed to have a bias in favor of the party calling him; secondly, that the party calling a witness, knowing what that witness may prove, might by leading bring out only that portion of the witness' story favorable to his own case; and thirdly, that a witness, intending to be entirely fair and honest might assent to a leading question which did not express his real meaning." 4 *Weinstein's Federal Evidence* § 611.06 (2026) (internal citation omitted).

Here, Kandan has already used leading questions with a witness in her case in chief, arguing that the witness, Jennifer Mitchem, is a current employee of the EEOC and, therefore, "identified with an adverse party" under Rule 611(c)(2). But there is no dispute that certain EEOC

1

employees (like Mitchem, Kingsley, Ortiz-Prather, and Plaintiff Uma Kandan) are only contained on Kandan's witness list, and have even been subject to a motion in limine from the EEOC to strike or limit their testimony. Put simply, these witnesses are hostile to the EEOC, not Kandan. And that's precisely why Kandan, not the EEOC, is calling them.

The *Weinstein* treatise is instructive on the proper interpretation and application of Rule 611(c)(3) in this situation. While the Advisory Committee notes to the rule indicate that someone "identified with an adverse party" under Rule 611(c)(2) was intended to be broader than Fed. R. Civ. P. 43(b)'s prior definition of "hostile," *Weinstein* notes that "[i]n some respects Rule 611(c) is narrower than former Rule 43(b), as it affords the court some discretion to limit leading questions. Even if the witness is a managing agent of the opposing party he or she may be 'identified,' because of sympathy or bias, with the calling party. In such rare cases the court has discretion to avoid abuses of the rule." 4 *Weinstein's Federal Evidence* § 611.06; *see also* 3 Mueller & Kirkpatrick, *Federal Evidence* § 6:68 (4th ed.) ("Sometimes it happens that a witness employed by a party is hostile to that party . . . ."); 5 *Handbook of Fed. Evid*. § 611:8 n.24 (10th ed.) ("Obviously, not all employees are hostile to someone suing their employer."); *id*. at n.25 ("For obvious reasons, employees are not always adverse to persons suing their employer.").

It was immediately apparent to counsel, the jury, and the Court that Jennifer Mitchem was not, in any way, hostile or adverse to Kandan's case. To the contrary, she was demonstrably hostile and angry with the EEOC. This situation is similar to that in *Browne v. Signal Mountain Nursery, L.P.*, 286 F. Supp. 2d 904 (E.D. Tenn. 2003). In that case, "Plaintiff argues her inability to ask leading questions on direct examination of several hostile witnesses was error." *Id*. at 920. One such witness was defendant's employee. *Id*. And that employee "did not act in a hostile manner and answered all of Plaintiff's questions without difficulty." *Id*. Much like Mitchem, the witness's

"subsequent testimony and behavior on the stand belied any concern she was hostile to Plaintiff or Plaintiff's case." *Id*. at 921.

Several other federal cases similarly stand for the proposition that leading questions to a non-adverse employee of defendant is an improper use of Rule 611(c)(2). *See also Robinson v. R.J. Reynolds Tobacco Co.*, 86 F. App'x 73, 76 (6th Cir. 2004) ("Robinson lastly argues that the district court erred in prohibiting his use of leading questions during Kevin Eichelberger's cross-examination, a former RJR employee.***Eichelberger and Robinson were not adverse parties because Eichelberger had previously lodged a racial discrimination lawsuit against RJR in which he was represented by Robinson's counsel. There was no abuse of discretion."); *see also Yousefi v. Delta Elec. Motors, Inc.*, No. 13-1632, 2015 WL 11217257, at *1 (W.D. Wash. May 11, 2015) ("[T]he Court finds that the phrase 'identified with' should be interpreted to mean that the witness has a relationship with the adverse party of such a nature, scope, or duration that one would generally presume that the witness would align herself with that party in a dispute."); *Bixby v. KBR, Inc.*, No. 09-632, 2012 WL 4754942, at *3 (D. Or. Oct. 4, 2012) ("I interpret the phrase 'a witness identified with an adverse party' as referring to a witness whose relationship to an opposing party is such that the witness' interests vis-a-vis the litigation proceedings in which the witness' testimony is offered can reasonably be expected, under all the applicable circumstances, to be either identical to those of the adverse party or, at minimum, both closely aligned with those of the adverse party and of comparable significance."); *cf.*, *Anthony v. Welker*, No. 23-132, 2025 WL 863639, at *6 (S.D. Miss. Mar. 19, 2025) (holding that "a classic example of a witness identified with an adverse party is a police officer called as a witness in a Section 1983 trial involving an incident in which he or fellow officers were involved." (cleaned up)).

For these reasons, Kandan shouldn't be permitted to lead any EEOC witnesses appearing

3

only on her witness list, including <u>herself</u>. These witnesses aren't hostile to Kandan's case, but, like Mitchem, are actually hostile to the EEOC. The default rule of non-leading questions in direct examination must apply.

                Respectfully,

                DAVID I. COURCELLE
                UNITED STATES ATTORNEY

                */s/ Sandra Lee Sears*
                _____
                SANDRA LEE SEARS
                JASON M. BIGELOW (29761)
                Assistant United States Attorneys
                650 Poydras St., Suite 1600
                New Orleans, Louisiana 70130
                Telephone: (504) 680-3150
                Email: sandra.sears@usdoj.gov