UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UMA R. KANDAN ) | |
| ) | Case No: 24-2089 |
| **Plaintiff** ) | |
| ) | Section: (3) |
| v. ) | |
| ) | Magistrate Judge Dossier |
| ANDREA R. LUCAS, ACTING CHAIR, ) | |
| EQUAL EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION ) | |
| ) | |
| **Defendant** ) | |

**PLAINTIFF'S TRIAL BRIEF REGARDING FEDERAL RULE OF EVIDENCE 611(C)**

Now into Court comes Plaintiff Uma R. Kandan ("Plaintiff"), who through undersigned counsel, submits this brief on its position related to Federal Rule of Evidence 611(c), and states as follows:

**INTRODUCTION**

Rule 611(c) of the Federal Rules of Evidence states that leading questions are generally barred on direct examination, unless certain exceptions apply, when a party calls: (1) an adverse party, (2) a hostile witness, or **(3) a witness identified with an adverse party.** USCS Fed Rules Evid R 611 (hereinafter FRE 611(c)) (emphasis added). This Court, after the close of the first day of trial on February 2, 2026, asked the parties to brief their positions on the third point, the interpretation of "a witness identified with an adverse party" pursuant to FRE 611(c).

The Fifth Circuit, and District Courts within it, regularly treat current *or* former employees as "witnesses identified with an adverse party" under FRE 611(c) when their testimony concerns events during their tenure or reflects continued alignment with a party, here the Defendant. When that showing is made, leading questions on direct examination are permitted, subject to trial-court

1

discretion. Though in the case of current employees, the Fifth Circuit has found current employment is sufficient to qualify as a "witness identified with an adverse party" and a failure to allow leading questions can justify reversal.

## ARGUMENT[1]

### The Fifth Circuit Considers a Current Employee a 'Witness Identified with an Adverse Party'

The Fifth Circuit has made clear that a party's current employee qualifies as a "witness identified with an adverse party" and that a trial Court commits error by refusing to allow leading questions on that basis. The Fifth Circuit concluded, "[w]e agree that the ruling of the trial court was incorrect" where the trial Court refused leading questions of a Volkswagen employee related to rule 611(c). *Perkins v. Volkswagen of Am., Inc.*, 596 F.2d 681, 682 (5th Cir. 1979).

Jennifer Ortiz Prather and Andrew Kinsgley are currently employed by the EEOC. Jennifer Mitchem also continues to be employed by the EEOC, based on her testimony on February 2, 2026. All three were also employed by the EEOC when the events at issue, Ms. Kandan's non-promotion for the Field Director position, occurred. And when Ms. Mitchem was questioned on February 2, 2026, and where Plaintiff's counsel expressly cited to FRE 611(c) during a sidebar, thereby preserving their rights, this Court denied Plaintiff's request to examine the witness using leading questions though Ms. Mitchem continues to be employed by the Defendant. A current EEOC employee plainly qualifies—their ongoing employment creates an inherent alignment with the agency's interests in this litigation.

---

[1] The Court asked the parties to brief this issue after the first day of trial. During the first day of trial, the Court sustained an objection with respect to leading questions to Jennifer Mitchem by Plaintiff. Jennifer Mitchem is a current EEOC employee. Plaintiff again asserts that, consistent with this brief and the overwhelming case law, that objection should have been overruled and it should have been permitted to use leading questions throughout Ms. Mitchem's deposition. Plaintiff preserves its position with respect to Ms. Mitchem.

In *Perkins v. Volkswagen of Am., Inc.*, because Plaintiff's attorney did not make an offer of proof nor elaborate as to prejudice on the record, the Fifth Circuit found reversal was not justified. The Court's ruling denying Plaintiff's counsel's use of leading questions during Ms. Mitchem's testimony clearly prejudiced Plaintiff's presentation. The purpose of Rule 611(c) is to permit the examining party to maintain control over the examination of witnesses whose institutional position aligns them with the adverse party. By denying Plaintiff the ability to lead, the Court deprived Plaintiff of that control and the efficiency it affords, forcing open-ended questioning that invited narrative responses.

It is unsurprising that Defendant could not cite to one Fifth Circuit decision supporting their position, or even any in circuit case law that is directly on point – there is no in circuit support for their position. They simply belabor that Ms. Mitchem's testimony was not beneficial to them.

Earlier today Defendant's counsel propounded that because the Department of Justice ("DOJ") and/or the EEOC were seemingly unaware of FRE 611(c)'s unambiguous applicability to current employees, though they consistently litigate employment matters, that Plaintiff's interpretation of FRE 611(c) was incorrect. Several hours later they implore this Court to ignore binding Fifth Circuit precedent, without supporting binding authority, because though certain witnesses are employees, they are hostile to the EEOC. It is interesting how quickly Defendant has turned on its own employees, when those very employees, are facing significant pressure testifying this week at trial. As it pertains to the remaining witnesses on both parties' respective witness lists, most of which are still employed at the EEOC, they are facing institutional pressure to preserve the agency's reputation and may fear retribution, retaliation, or otherwise the loss of their employment – just for testifying in this litigation. In this light, all the EEOC employees are already walking a fine line. They are testifying under a microscope, publicly, and limiting Plaintiff's

counsel's proverbial tool kit when questioning those witnesses would have sweeping consequences. With regard to Defendant's only in circuit citation in their trial brief, contrary to Defendant's assertion, *Anthony v. Welker* supports Plaintiff's position. The Court permitted Plaintiff's counsel to use leading questions when examining four police officers, where Plaintiff alleged police brutality against two other officers. Because they were all employed by the same employer, the City of Pearl Police Department, and viewed the incident in question. *Anthony v. Welker*, No. 23-132, 2025 WL 863639, at *6 (S.D. Miss. Mar. 19, 2025). A misreading of a circuit court decision, coupled with an indulgent reliance on out-of-circuit cases, cannot supplant binding Fifth Circuit authority.. *Perkins v. Volkswagen of Am., Inc.*

**District Courts in this Circuit Consider Even Former Employees to be '..Identified With an Adverse Party'**

The Southern District of Mississippi in *Walker v. Target Corp.,* expressly held that even former employees are identified with the defendant when they were squarely asked to assess the same question under FRE 611(c). *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 107691, at *12 (S.D. Miss. July 12, 2017). The Court directly stated, "Field is a former Target employee, and, as such, he is identified with Target." *Walker, 2017 U.S. Dist. LEXIS 107691,* at *9. The Court relied on persuasive authority from the Eleventh Circuit, to conclude former employees are identified with the defendant: "witnesses who were employees or agents of a defendant at the time of the alleged tort are identified with a party adverse to the plaintiff. *Id.*, at *12 (citing to *Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1478, 744 F.2d 1467, 1478 (11th Cir. 1984)).

**Other Circuits Consider both Current and Former Employees as 'Witnesses Identified with an Adverse Party'**

4

Other Circuit Courts and District Courts have come to the same conclusion as the Fifth Circuit and the District Courts within it, as outlined above. The Eleventh Circuit in *Jaffe v. Bank of Am.* confirmed that former officials or employees remain identified with the defendant when their testimony addresses actions taken during their tenure or reflects continued alignment, including counsel representation. In *Jaffe v. Bank of Am.*, the Eleventh Circuit expressly considered whether a former employee of the Bank of America was a witness identified with an adverse party under Rule 611(c), and found Chris Ross, was still identified with the Bank even though he left four years prior. *Jaffe v. Bank of Am., N.A.*, 395 F. App'x 583, 588 (11th Cir. 2010). The Court reasoned that he was employed when the key events and alleged misconduct occurred, and that Bank of America's counsel represented him personally through the litigation. *Jaffe*, 395 F. App'x at 588. In *Talbot v. Vill. of Sauk Vill.*, the Illinois Northern District Court granted a motion in limine geared at the inclusion of Defendant's past and present employees as adverse witnesses during trial pursuant to FRE 611(c) thereby allowing leading questions. *Talbot v. Vill. of Sauk Vill.*, No. 97 C 2281, 1999 U.S. Dist. LEXIS 6574, at *2-3 (N.D. Ill. Apr. 27, 1999). In a similar case, the Northern District of Illinois confirmed: "[c]urrent employees are often treated as adverse witnesses to the employer's opposing party, as they are considered to be identified with an adverse party." *Gibbons v. Vill. of Sauk Vill.*, No. 15 CV 4950, 2017 U.S. Dist. LEXIS 179108, at *12 (N.D. Ill. Oct. 30, 2017) *(citing to Ellis v. City of Chi.*, 667 F.2d 606, 613 (7th Cir. 1981)).

All the above demonstrates that Courts have interpreted, "witness identified with an adverse party" liberally. The exceptions built into rule 611(c) recognize that the danger of leading questions, due to their power of suggestion, virtually disappears for certain witnesses, where "the witness on direct is legally identified with the opponent, appears hostile to the examiner, or is reluctant or uncooperative, the danger of suggestion disappears." *SEC v. Goldstone*, 317 F.R.D.

147, 163 (D.N.M. 2016). The Advisory Committee Notes on FRE 611, as outlined in *SEC v. Goldstone,* state that the definition of a witness identified with an adverse party is broader than the old definition of adverse party in the Federal Rules of Civil Procedure, in fact, *"*The phrase of the rule, "witness identified with" an adverse party, **is designed to enlarge the category of persons thus callable**.*"* *SEC v. Goldstone*, 317 F.R.D. 147, 164 (D.N.M. 2016) (citing to Fed. R. Evid. 611, advisory committee notes) (emphasis added). It is clear the rule aims to extend beyond parties themselves to witnesses identified with adverse parties as these witnesses may be hostile or unfriendly to the calling party, and that this trend extends across jurisdictions.

## **CONCLUSION**

The interpretation of FRE 611(c), as it pertains to a witness identified with an adverse party turns on alignment and relationship. This can include formal party status, job titles, current employment or former employment. However, as above, current employment, as in the case of Ms. Prather, Mr. Kingsley, and Ms. Mitchem, is certainly sufficient to constitute a witness identified with an adverse party under binding Fifth Circuit precedent.

Date: February 3, 2026                                                                 Respectfully submitted,


                                                                                                    By: */s/ Tulio D. Chirinos*

                                                                                                    Tulio D. Chirinos (TA)
                                                                                                    Chirinos Law Firm PLLC
                                                                                                    La. Bar Roll No. 35079
                                                                                                    370 Camino Gardens Blvd.,
                                                                                                    Suite 106
                                                                                                    Boca Raton, FL 33432
                                                                                                    Tel.: (561) 299-6334
                                                                                                    tchirinos@chirinoslawfirm.com

Carlos Cano
Cano Law LLC
La. Bar Roll No. 36822
2701 Metairie Rd.
Metairie, La. 70001
Direct: (504) 909-3822
Fax: (504) 910-2266
ccano@canolaw.com

Andrew Lacy, Jr. (*Pro Hac Vice*)
The Lacy Employment Law Firm LLC
3675 Market Street, Suite 200
Philadelphia, PA 19104
Office: (412) 301-3908
Direct: (412) 407-9099
Andrew.Lacy@lacylegal.com

Nicole Cvercko (*Pro Hac Vice*)
Chirinos Law Firm PLLC
11 Broadway Ste 615
New York, NY 10004-1490
Tel: 646-559-9952
ncvercko@chirinoslawfirm.com

*Attorneys for Plaintiff*