UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UMA R. KANDAN ) | |
| ) | Case No: 24-2089 |
| Plaintiff ) | |
| ) | Section: (3) |
| v. ) | |
| ) | Magistrate Judge Dossier |
| ANDREA R. LUCAS, CHAIR, EQUAL ) | |
| EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S PROPOSED JURY INSTRUCTION:
MOTIVATING FACTOR DEFINITION**

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, comes defendant, Andrea R. Lucas, in her official capacity as Chair of the U.S. Equal Employment Opportunity Commission (EEOC), and respectfully submits its proposed jury instruction defining "motivating factor" as the causation standard in a Title VII disparate-treatment case. The EEOC submits this instruction with reservation of its objection to the Court's selection of a motivating-factor, mixed-motive, 2(m) instruction to the exclusion of a but-for, pretext, 2(a) instruction. The proposed instruction herein is followed by a brief memorandum of law.

                                      DAVID I. COURCELLE
                                      UNITED STATES ATTORNEY

                                      */s/ Sandra Lee Sears*
                                      SANDRA LEE SEARS
                                      Assistant United States Attorney
                                      650 Poydras Street - Suite 1600
                                      New Orleans, Louisiana 70130
                                      Telephone: (504) 680-3150
                                      Email:  sandra.sears@usdoj.gov

**<u>Motivating Factor – Definition in Response to Jury Question of February 6, 2026</u>**

YOU MAY DETERMINE WHAT IS SUFFICIENT TO BE A "MOTIVATING FACTOR" FOR A PARTICULAR DECISION BASED ON THE COMMONLY UNDERSTOOD DEFINITION.

A "MOTIVATING FACTOR" IS TYPICALLY UNDERSTOOD TO BE A CONSIDERATION THAT PLAYED A SUBSTANTIAL ROLE IN A DECISION.

PLAINTIFF MUST PROVE THE EXISTENCE OF SEX AS A MOTIVATING FACTOR FOR HER NON-SELECTION BY A PREPONDERANCE OF THE EVIDENCE, WHICH IS DEFINED ON PAGE [X] OF YOUR INSTRUCTIONS.

**<u>Legal Analysis</u>**

The Fifth Circuit Pattern Jury Instructions do not specifically define "motivating factor," which suggests that the Fifth Circuit believes that jurors' common-sense understanding of the term is sufficient in most cases. The language in the first sentence of the proposed instruction is based on EIGHTH CIRCUIT COURT OF APPEALS PATTERN JURY INSTRUCTION (CIVIL) 5.21, *Definition: Motivating Factor, Committee Comment* ("A court may decide that the term 'motivating factor' need not be defined expressly because its common definition is also the applicable legal definition."). The Court has already generally charged the jury about reliance on common sense, so this first sentence makes explicit the Eighth Circuit's apparent deference to a lay juror's understanding of the term, as tacitly endorsed through omission in the Fifth Circuit's instructions.

By asking a question that seeks a quantitative percentage, this jury appears to require more than just the common-understanding instruction in the first sentence of the proposed instruction. While the Eighth Circuit (and a few others) include some explanation of a "motivating factor", they simply refer to a "part" or "role" in the decision, which contains no guidance on the quantitative measurement this jury has specifically requested after a full day of deliberations deadlocked over question one.

The second sentence of the proposed instruction includes the word "substantial," which is frequently used as a synonym to "motivating" in motivating-factor caselaw and other model instructions on the subject. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 265 (1989) ("Where an individual disparate treatment plaintiff has shown by a preponderance of the evidence that an illegitimate criterion was a *substantial* factor in an adverse employment decision, the deterrent purpose of the statute has clearly been triggered." (emphasis in original)) (O'Connor, J., concurring); *Smith v. Xerox Corp.*, 602 F.3d 320, 326 (5th Cir. 2010) ("In *Price Waterhouse v.*

3

*Hopkins,* the Supreme Court established in the context of a Title VII discrimination case that a plaintiff could show that discrimination was 'because of' an impermissible factor by showing that factor to be a 'motivating' or 'substantial' factor in the employer's decision.") (abrogated on other grounds); *Mayes v. Galveston Cnty. Juv. Det. Ctr.*, 33 F. App'x 704 (5th Cir. 2002) ("After a trial, the jury found that race was not a substantial motivating factor in Galveston County's decision to terminate Mayes."); *Edwards v. Kurthwood Manor*, 19 F.3d 16, at *1 (5th Cir. 1994) ("[T]he issue is whether, on the record as a whole, there is sufficient evidence from which the fact finder may reasonably conclude that race was a substantial motivating factor[.]" (citation omitted)); *Cazalas v. U.S. Dep't of Just.*, 569 F. Supp. 213, 230 (E.D. La. 1983), *aff'd,* 731 F.2d 280 (5th Cir. 1984) ("In order to establish a Title VII violation, the plaintiff must demonstrate that sex discrimination served as a *significant* motivating factor in the employment decision; a violation cannot be based upon an impermissible factor having played some part in the employer's action." (emphasis added; decided before *Price Waterhouse, supra*)); FED. EMP. JURY INSTRUCTIONS § 1:420.20 (offering the following model jury instruction on motivating factor: "An unlawful employment practice is established when the complaining party demonstrates that sex was a motivating factor for the employment practice, even though other factors also motivated the practice. What is a 'motivating factor?' It is a consideration that played a *substantial* role in defendants' decision to deny plaintiff equal terms, conditions or privileges of employment. It need not be the only consideration that led to defendants' decision, and it need not even be the most important consideration in the decision. Plaintiff must, however, demonstrate the decision was made at least in *substantial* part because of her sex." (internal citation omitted; emphasis added)).

Finally, because the jury submitted several alternative percentages to the Court in its question, the final sentence in the proposed instruction clarifies and reminds the jury that plaintiff's

burden of proof on all elements of her Title VII claim—including the 2(m) motivating-factor causation standard—is a preponderance of the evidence, as already defined in the instructions.