UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UMA R. KANDAN | CIVIL ACTION |
| VERSUS | NO. 24-2089 |
| ANDREA R. LUCAS, CHAIR,<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | DIVISION (3) |

## ORDER AND REASONS

Before the Court is Defendant's *Ex Parte* Motion for Leave to File Amended Answer (R. Doc. 151). The motion is granted for the following reasons.

Rule 15(b) of the Federal Rules of Civil Procedure provides:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—*at any time, even after judgment*—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.

*Id*. (emphasis added). "District courts, of course, have discretion to allow late amendments when no prejudice would result to the other party, and the ends of justice so require." *Simi Inv. Co. v. Harris Ctny., Tex.*, 236 F.3d 240, 252 n.16 (5th Cir. 2000) (internal citations and quotations omitted). "[T]he principal purpose of Rule 15(b) is judicial economy." *Deere & Co. v. Johnson*, 271 F.3d 613, 621 (5th Cir. 2001).

1

Defendant seeks leave to amend its answer to state a "same decision" defense to a mixed-motive theory of the case.[1] Prior to trial, both parties submitted proposed jury instructions which contemplated "mixed motive" and "but for" causation.[2] On February 5, 2026, the Court informed the parties that it would charge the jury with a mixed-motive causation instruction.[3] Granting Defendant leave to explicitly state the "same decision" defense would not prejudice Plaintiff and would promote the important interest of judicial efficiency.

Accordingly,

**IT IS ORDERED** that the Defendant's *Ex Parte* Motion for Leave to File Amended Answer (R. Doc. 151) is **GRANTED.**

New Orleans, Louisiana, this 6th day of February, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[1] R. Doc. 151 at 1.
[2] R. Docs. 115 at 7, 121 at 7.
[3] Trial courts are tasked with discerning whether the "but for" or "mixed motive" causation standard is appropriate given the state of the evidence. *See Adams v. Mem'l Hermann*, 973 F.3d 343, 354 (5th Cir. 2020).