UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UMA R. KANDAN ) | |
| ) | Case No: 24-2089 |
| **Plaintiff** ) | |
| ) | Division: (3) |
| v. ) | |
| ) | Magistrate Judge Dossier |
| ANDREA R. LUCAS, CHAIR, EQUAL ) | |
| EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION ) | |
| ) | |
| **Defendant** ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD HOSTILE WORK ENVIRONMENT CLAIM

**MAY IT PLEASE THE COURT:**

Defendant, Andrea Lucas, Chair of the Equal Employment Opportunity Commission (EEOC), submits this opposition to Plaintiff's 13th-hour (post-mistrial) motion to amend her complaint to introduce, for the first time in this case, a hostile work environment claim. The Court has already denied Plaintiff's attempt to amend to add this claim once during trial. The Court should again deny Plaintiff's motion.

This motion also fails at the threshold. The deadline to amend pleadings expired long ago. Plaintiff therefore must satisfy Federal Rule of Civil Procedure 16(b)(4)'s "good cause" standard before Rule 15 is even implicated. Diligence is the touchstone of Rule 16. If the movant was not diligent, the inquiry ends. Plaintiff cannot demonstrate diligence, newly discovered facts, or any intervening change in law. For that reason alone, the motion should be denied.

**A.      Plaintiff failed to exhaust a hostile work environment claim.**

Before bringing suit, an employee must exhaust her administrative remedies against her federal employer. *Fitzgerald v. Sec., U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir.

1

1997) (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 832-33 (1976)); 42 U.S.C. § 2000e-16(c). If a federal employee fails to exhaust her administrative remedies, the district court cannot adjudicate the employee's Title VII claim. *Fitzgerald* at 206 (citing *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981)). "The purpose of this exhaustion doctrine is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) As the Fifth Circuit has recognized,

> [A] primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims. [*Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)]. Indeed, "[a] *less* exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Sanchez,* 431 F.2d at 467. *See also Ong v. Cleland,* 642 F.2d 316, 319 (9th Cir.1981) ("[a]llowing a federal court complaint to proceed despite its loose 'fit' with the administrative charge and investigation ... is precluded if it would circumvent ... agency efforts to secure voluntary compliance before a civil action is instituted.").

*Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006).

Plaintiff's EEO complaint alleged one single discrete act of discrimination:[1]

> a. On February 7, 2023 you were notified by the Director, Houston District Office (HDO) that you were not selected for the Director, New Orleans Field Office (NOFO) position, (Job Vacancy Number: ST-11742240-23-SM).

The EEOC accepted for investigation this one single discrete claim:[2]

> **Whether Complainant has been subjected to disparate treatment on the bases of race (Other: Asian), national origin (Indian), and sex (female) when on February 7, 2023, the Director, Houston District Office, notified you that you were not hired for the Director, New Orleans Field Office position, advertised under Job Vacancy Number: ST-11742240-23-SM.**

---

[1] R. Doc. 171-3 p. 3.
[2] R. Doc. 171-2 p. 2. Plaintiff voluntarily dismissed her Title VII race and national origin claims before trial.

The only claim that was alleged, accepted, and investigated by the agency was a single, specific February 7, 2023 non-selection. At no time at the agency level did Plaintiff allege a hostile work environment claim. While Plaintiff may have vaguely told the EEO counselor that she believed Rayford Irvin "bullied other females,"[3] there is no evidence that she provided any specifics to the agency as to who these other females were or any of the dates, times, or details of this alleged bullying. Nor is there any evidence that such a generalized comment was framed as gender based harassment affecting the terms and conditions of her employment. Absent such information, the agency had no ability to investigate such claims. Plaintiff, a long-time EEOC employee, was certainly familiar with what a hostile work environment claim is and could have raised such a claim during the agency process, but she never did.

The EEOC was never given the opportunity to investigate any alleged other acts that may have created a hostile work environment. While Plaintiff points to various evidence introduced at trial that she claims supports a hostile work environment claim, there is no evidence that any of these events were addressed at the agency level. Nor could a hostile work environment claim have been reasonably expected to grow from her single allegation of non-selection because, by definition, hostile work environment claims are different in kind from discrete acts, as their very nature involves repeated conduct. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Indeed, a single discrete claim of non-selection does not reasonably trigger investigation into an alleged pattern of severe or pervasive harassment.

Plaintiff could have, but did not, raise a hostile work environment claim at the agency level. She should not be permitted at this extremely late hour to circumvent clear legal exhaustion requirements by adding such a claim now. Plaintiff failed to exhaust her administrative remedies

---

[3] R. Doc. 171-3 p. 2.

on any alleged hostile work environment claim; thus, she is prohibited from raising such a claim now.

**B.     The evidence and proof required to prove a hostile work environment claim are different than that required to prove gender discrimination in a discrete act; thus, allowing the addition of this new claim will change the evidence introduced at trial.**

The Supreme Court and the Fifth Circuit have recognized as actionable, in addition to discrimination prohibited by Title VII, hostile work environment harassment. *See Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 569-70 (5th Cir. 2012) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986)). However, the Fifth Circuit has also expressly recognized that "[t]hese claims *are not duplicative*; rather, each represents a more or less distinct factual scenario." *Id.* at 570 (emphasis added).

To establish a claim of hostile work environment, a plaintiff must prove that she: (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on a protected basis; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). Harassment affects a "term, condition, or privilege of employment" if it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). (quotation marks and internal citations omitted). To deem a workplace sufficiently hostile, "all of the circumstances must be taken into consideration." *Id.* This includes "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quotation marks and internal citations omitted).

The Fifth Circuit concluded merely three or four incidents that occurred occasionally did not constitute pervasive conduct. *See West v. City of Houston, Tx.*, 960 F.3d 736, 742 (5th Cir. 2020) (three incidents and an indeterminate number of similar interactions was not pervasive conduct); *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651-54 (5th Cir. 2012) (four incidents of race-based hostilities toward Hispanics and evidence of hostility toward African Americans insufficient to support a hostile work environment claim); *Jones v. Flagship Int'l*, 793 F.2d 714, 720-21 (5th Cir. 1986) (three sex-based incidents did not indicate adequate pervasiveness).

Here, Plaintiff alleged at both the agency level and in her pleadings in this case *one single* issue – her non-selection for the New Orleans Director Position. If allowed to amend to assert a hostile work environment claim, Plaintiff must produce evidence of gender-based harassment that the jury could find sufficiently severe and pervasive to rise to the level of a hostile work environment. Allowing the addition of this new claim would open the floodgates for Plaintiff to elicit new testimony on previously unidentified alleged conduct spanning an unidentified timeframe, without giving the EEOC any opportunity to investigate these other alleged incidents or prepare any cross examination or rebuttal testimony.

Hostile work environment claims require proof regarding the frequency, severity, pervasiveness, employer knowledge, and remedial response across potentially across multiple alleged incidents. None of that was investigated at the agency level, and none of that was the focus of discovery in this case. Permitting amendment now would fundamentally alter the scope of the retrial from a single discrete non-selection to an open-ended inquiry into potentially years of workplace interactions. That prejudice cannot be cured on the eve of retrial.

Contrary to Plaintiff's assertion that including this new claim will not require any new witnesses or evidence, Plaintiff herself is already attempting to add additional witnesses who were

5

never listed in prior pretrial orders.[4] Litigating a hostile work environment claim will most certainly require additional discovery, witnesses, and evidence, as the EEOC is entitled to investigate and defend such a claim.

The Court should not allow such trial by ambush by allowing Plaintiff to amend on the eve of a second trial long after discovery has closed. Plaintiff's motion to amend should therefore be denied.

**C.    Plaintiff's motion to amend should be denied due to undue delay and prejudice.**

Rule 15 states that leave to amend may be given when justice so requires; however, "leave to amend is by no means automatic." *Layfield v. Bill Heard Chevrolet, Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979). A court may deny a motion to amend under Rule 15 due to undue delay, bad faith or dilatory motive on the part of the movant, or undue prejudice to the opposing party. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Further, the amendment deadline in the scheduling order long since passed, so Plaintiff must also satisfy Rule 16(b)(4)'s "good cause" standard.

In *Matter of Southmark Corp.*, the Fifth Circuit upheld a bankruptcy court's denial of plaintiff's motion to amend due to unreasonable delay and prejudice. 88 F.3d 311 (5th Cir. 1996). There, plaintiff was aware of the factual basis for its proposed amendment since it had filed its original complaint. *See id.* at 315. Plaintiff argued that there was no undue delay because at the time the motion to amend was filed, there was no trial date, discovery had just commenced, defendant had only answered two months earlier, and no dispositive motions had been filed. *See id.* Both the district court and the Fifth Circuit, however, were unpersuaded by these arguments

---

[4] On February 26, 2026, plaintiff's counsel emailed trial subpoenas for 19 witnesses, four of which were never included in the pretrial order: Jasmine Challenger, Jeremy Crosby, Kevin Rung, and Michael Richardson. The EEOC objects to the late addition of these witnesses and said objection will be the subject of a separate motion.

and found plaintiff offered no reasonable explanation for its delay in amending its complaint and found allowing the amendment would only serve to reward plaintiff for its unreasonable delay. *See id.* at 316-17; *see also Layfield, supra* (upholding the district court's denial of a motion for leave to amend when all the facts relevant to the proposed amendment were known at the time the original complaint was filed).

Further, the amendment deadline in the scheduling order has long since passed, so Plaintiff must also satisfy Rule 16(b)(4)'s "good cause" standard. Good cause requires diligence. If a party knew of the facts underlying the proposed amendment yet failed to timely seek amendment, Rule 16 bars modification of the scheduling order. Plaintiff here claims to have known about the factual basis underlying her alleged hostile work environment claim since she filed her EEO complaint in March 2023, over three years ago. *See* R. Doc. 171-1 p. 2 (arguing that Plaintiff reported Irvin's alleged bullying of other females to the EEO counselor). In the three years since, Plaintiff made no attempt to make a hostile work environment claim with either the agency or this Court. It is only now, long since discovery has closed and after a mistrial, that she seeks leave to amend and add this new claim. There is no reasonable explanation for this long undue delay.

There is no newly discovered evidence. There is no change in law. Plaintiff concedes she has known the alleged factual basis for this theory since March 2023. A strategic decision to wait until after mistrial does not constitute diligence and cannot establish good cause under Rule 16.

Plaintiff, a long-time EEOC employee, would be well-aware of the elements of a hostile work environment claim, such that she would recognize it if she thought she had such a claim. She has also been represented by counsel throughout this litigation and part of the administrative process who too should have recognized a hostile work environment claim if one existed. Andrew Kingsley, a lawyer who testified at trial, reviewed and assisted Plaintiff with her EEO complaint

7

and he also apparently did not see a hostile work environment claim because none was included in that complaint.[5] Seemingly neither Plaintiff nor her counsel believed they had such a claim until the end of the previous trial. It is far too late to amend at this time.

In addition, as discussed above, amendment now would be highly prejudicial to the EEOC, as it was never given the opportunity to investigate this claim, either through the agency process or in discovery in this litigation. Allowing Plaintiff to amend her complaint at this extremely late hour with no excuse for her undue delay or evidence of good cause would be highly prejudicial and completely change the face of the re-trial in April.

The federal rules do not permit a party to assert one claim at trial, and then following a mistrial, pivot to an entirely new one. For these reasons, the Court should deny Plaintiff's motion to amend.

D.  **The EEOC never gave any implied consent to include a hostile work environment claim.**

In determining whether to allow amendments to conform to the evidence, a court first should consider whether the opposing party consented, either expressly or impliedly, to the introduction of evidence on the unplead issue or issues. 3 Moore's Federal Practice - Civil § 15.18. In determining implied consent, a court should consider whether the opposing party had a fair opportunity to defend against the issue and whether amendment would prejudice the opposing party's ability to present its case. *See id.* Implied consent is difficult to establish because it depends on whether the parties recognized an issue not presented by the pleadings entered the case at trial; if they do not, there is no consent and amendment cannot be allowed. Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1493 (3d ed.) "[W]hen a party has objected to the introduction of evidence on

---

[5] *See* Trial Exhibits J48 and J50.

8

a new issue, the opposing party cannot later seek to amend the pleadings to conform to the evidence on the ground that the party impliedly consented to the trial of that issue." *Id.*

Here the record forecloses any possibility of implied consent. Contrary to Plaintiff's assertion, the EEOC never impliedly consented to or acknowledged any sort of hostile work environment claim in this case. As Plaintiff admits, counsel for the EEOC actually objected to testimony on the basis that this is *not* a hostile work environment case. *See* R. Doc. 171-1 p. 4. Simply using the words "hostile work environment" does not mean implied consent to add a new claim to a long-pending case during trial. If that were true, parties could simply utter words like "reasonable accommodation" or "fraud" to expand their pleadings. As the Court repeatedly reminded the jury, lawyers' statements are not evidence. The fact that counsel referenced the phrase hostile work environment in objecting to testimony underscores the opposite point: the EEOC has consistently maintained that no such claim was pled and has objected to all evidence that sought to expand the scope of the trial.[6] Lawyers' objections preserve issues, they do not expand the scope of pleadings. The mere utterance of three words in one objection in a week-long trial is similarly not a means to amend pleadings.

Plaintiff also mischaracterizes the jury's question to the Court involving a hostile work environment. The jury asked "*if*" they found such an environment, how would it affect their deliberations. "*If*" is an uncertain conditional; it means the jury had not yet decided whether such an environment existed. The conditional inquiry demonstrates only that the jury was attempting to understand the scope of instructions in the context of the evidence presented. It in no way means the jury unanimously found a hostile work environment, and it certainly does not mean the EEOC consented to have the jury give an advisory verdict on such an unplead, untried claim. There is no

---

[6] The EEOC has repeatedly argued that this is *not* a hostile work environment case. *See, e.g.* R. Doc. 47-1 at p. 7; R. Doc. 92 at p. 8 ("To be clear, Plaintiff has not raised a gender-based hostile work environment claim.").

evidence that the EEOC in any way litigated, presented evidence, elicited testimony, or gave any form of implied consent to include a hostile work environment claim in this case. The case was pled, investigated and proceeded through discovery as a single non-selection claim. The record reflects a consistent adherence to this theory. Rule 15 does not permit a retroactive expansion, particularly where the EEOC has consistently objected to any attempt to introduce a hostile work environment claim and never recognized such a claim as being tried.

**E.    Conclusion**

For these reasons, Plaintiff's motion to amend should be denied.

DAVID I. COURCELLE
UNITED STATES ATTORNEY

*/s/ Elizabeth A. Chickering*
BROCK D. DUPRE (28563)
JASON M. BIGELOW (29761)
ELIZABETH A. CHICKERING (31099)
Assistant United States Attorney
650 Poydras Street - Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3025
Fax: (504) 680-3174
Email:  Elizabeth.Chickering@usdoj.gov