UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UMA R. KANDAN )<br>)<br>      **Plaintiff**     )<br>)<br>v.                            )<br>)<br>**ANDREA R. LUCAS, CHAIR, EQUAL** )<br>**EMPLOYMENT OPPORTUNITY** )<br>**COMMISSION** )<br>)<br>      **Defendant**   ) | Case No: 24-2089<br><br>Section: (3)<br><br>Magistrate Judge Dossier |

**STIPULATION FOR COMPROMISE SETTLEMENT AND MUTUAL RELEASE**

Plaintiff Uma R. Kandan ("Plaintiff") and the Defendant Chair of the U.S. Equal Employment Opportunity Commission (the "EEOC") (together with Plaintiff, the "Parties"), through their undersigned counsel, hereby agree and stipulate as follows:

1. The Parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein (the "Settlement Agreement").

2. **Settlement Terms**: The Parties agree to the following monetary and non-monetary terms in full settlement of the case:

   a. The EEOC will pay Plaintiff the total sum of two hundred fifty thousand dollars ($250,000) ("Settlement Funds") inclusive of fees and costs;

   b. The EEOC will permit Plaintiff to be on leave until June 30, 2026 (the "Leave Period"), during which time she will be paid at her full salary utilizing her accrued sick and/or annual leave;

   c. Effective June 30, 2026, Plaintiff will retire in good standing from the EEOC and will be eligible to receive her full retirement benefits under benefit programs administered by the Office of Personnel Management (OPM); and

   d. The EEOC further agrees that the EEOC Houston District Office (including its Field Offices) and its employees will abide by all federal laws and regulations, including those with respect to discrimination in the workplace under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

3. **Entire Amount**: It is understood and agreed between the Parties that the Settlement Funds in paragraph 2(a), above, and the Leave Period salary described in paragraph 2(b), represent the entire amount of the compromise settlement, and the respective Parties will each bear their own costs, fees, and expenses, and any attorney's fees owed by Plaintiff will be paid out of the Settlement Funds and not in addition thereto. It is understood and agreed between the Parties that Plaintiff's undersigned counsel agree that acceptance and receipt of the Settlement Funds constitutes a waiver of any further claims or rights that they may have to collect attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and/or 28 U.S.C. § 2412, or any other statute, regulation or law.

4. **No Admission of Liability**: This Settlement Agreement is not and shall not be construed as an admission by the EEOC of the truth of the allegation or the validity of any claim asserted in this lawsuit, or the EEOC's liability therein. This Settlement Agreement likewise shall not be construed as an admission by Plaintiff that her claims lacked merit or were invalid but rather reflects the Parties' mutual decision to resolve the matter.

5. **Mutual Release**:

    a. Plaintiff for herself, her heirs and personal representatives, fully and forever releases, acquits and discharges Defendant, and its components, agents, employees and former employees, either in their official or individual capacities, from any and all claims, demands, and causes of action of every kind, nature or description, whether known or unknown, which Plaintiff may have had, may now have, or may hereafter discover arising out of or in connection with any event occurring prior to the date of this Settlement Agreement, including, without limitation, all claims that were raised or could have been raised in this action, all

        claims that were raised or could have been raised in any and all of Plaintiff's prior or pending equal employment opportunity ("EEO") grievances or complaints, and all other claims relating to Plaintiff's employment with Defendant, including claims for personal injury, emotional distress or future claims of wrongful death. Plaintiff acknowledges that this release covers any and all claims and demands that she may have had, may now have, or may hereafter discover arising out of or in connection with the administrative proceedings pertaining to her EEO complaint, including any and all claims to entitlement to costs or attorney's fees from those proceedings.

    b. Defendant, for itself and its components, agents, employees, and former employees, either in their official or individual capacities, fully and forever releases, acquits, and discharges Plaintiff, her heirs and personal representatives, from any and all claims, demands, and causes of action of every kind, nature, or description, whether known or unknown, which Defendant may have had, may now have, or may hereafter discover arising out of or in connection with any event occurring prior to the date of this Settlement Agreement relating to Plaintiff's employment with Defendant or the matters asserted in this action, including, without limitation, any and all claims that were raised or could have been raised in this action or in any administrative proceedings relating to Plaintiff's equal employment opportunity ("EEO") complaint.

6.    **Known and Unknown Claims**: In connection with such mutual waiver and relinquishment, Plaintiff acknowledges that she is aware that she may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which she

now knows, with respect to the matters released herein. Nevertheless, it is the intention of Plaintiff through this release, and with the advice of counsel, to settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between Plaintiff and Defendant, or its components, agents, employees and former employees, individually, and/or in their official capacities, arising out of the circumstances encompassed by this release.

7. **Withdrawal of Pending Claims**:  Plaintiff will withdraw any open or pending administrative EEO complaints and informal claims, any and all grievances, National Labor Relations Board charges, Federal Labor Relations Board charges, Merit System Protection Board appeals, and other administrative or judicial procedures, appeals, or law suits against Defendant and/or any of its current or former officers, employees, or agents which were outstanding at the time that she signed this stipulation, and Plaintiff waives her right to further prosecution of these matters.

8. **Waiver of ADEA Claims**: Specific to any potential claim of age discrimination, and in accordance with 29 C.F.R. §1625.22(e)(6) --, Plaintiff expressly acknowledges and agrees that, by entering into this stipulation, she is waiving any and all rights or claims that could arise under the Age Discrimination in Employment Act ("ADEA"), which may have arisen on or before the date of execution of this stipulation.  Plaintiff understands that — specific only to potential ADEA claims — she may take up to 21 days to consider the terms of this stipulation before signing and that her waiver of potential ADEA claims will become effective no sooner than 7 days after Plaintiff signs this stipulation, unless revoked.  Plaintiff further expressly acknowledges that she has consulted with her attorney before signing this stipulation; has had a reasonable amount of time to consider its terms; and voluntarily and

knowingly enters into this stipulation and intends to be legally bound by its terms.

9.     **No Assignment**: Plaintiff represents and warrants that she is the sole and lawful owner of all rights, title and interests in and to every claim and other matter that she purports to release herein, and that she has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. Plaintiff shall indemnify the Defendant, and any of its departments, components and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any such claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

10.    **Tax Treatment Settlement Funds**: The EEOC will issue an IRS Form 1099 to Plaintiff to the extent necessary to comply with federal law for the payment of the Settlement Funds described in Paragraph 2(a).  Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiff.  This Settlement Agreement is executed without reliance upon any representation by Defendant or Plaintiff's counsel as to tax consequences, and Plaintiff is responsible for the payment of any taxes that may be associated with the settlement payments.

11.    **Tax Treatment of Leave Period Salary**: The EEOC will withhold all employer and employee taxes, and any benefit contributions, during Plaintiff's Leave Period described in Paragraph 2(b) subject to Plaintiff's Form W-4 and benefit election forms on file with the EEOC.

12.    **Merger Clause**: This Settlement Agreement contains the entire agreement between the Parties hereto, and Plaintiff acknowledges and agrees that no promise or representation not contained in this Settlement Agreement has been made to her, and

acknowledges and represents that this Settlement Agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Settlement Agreement reflect any agreed-upon purpose other than the desire of the Parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

13. **Modification**:  This Settlement Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the Parties, nor shall any provision hereof be waived other than by a written waiver, signed by the Parties.

14. **Binding Successors**: This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff and the Defendant and their respective heirs, executors, successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

15. **Severability**: The provisions of this Settlement Agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

16. **Consultation with Counsel**: Plaintiff acknowledges that she has discussed this Settlement Agreement with her counsel, who has explained these documents to her and that she understands all of the terms and conditions of this settlement agreement. Plaintiff further acknowledges that she has read this Settlement Agreement, understands the contents thereof, and executes this settlement agreement of her own free act and deed. The undersigned

represent that they are fully authorized to enter into this Settlement Agreement.

17. **Payment of the Settlement Funds**: Promptly upon the execution of this Settlement Agreement, the EEOC will submit the request for payment of the Settlement Funds to the Judgment Fund of the Treasury of the United States. Such funds will thereafter be made by wire transfer from the Treasury of the United States to the Chirinos Law Firm PLLC IOLTA account for two hundred fifty thousand dollars ($250,000). Plaintiff's attorney agrees to then distribute the Settlement Funds.

18. **Payment of the Leave Period Salary**: The Leave Period Salary will be paid by the EEOC directly to Plaintiff via direct deposit through the EEOC's regular payroll process.

19. **No Confidentiality of Settlement Agreement**: The Parties agree that this Settlement Agreement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, are not confidential and the Plaintiff and Defendant expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

20. **Dismissal with Prejudice**: Plaintiff agrees to dismissal of this case with prejudice, such dismissal to be effective upon completion by the Defendant of the items set forth in the Paragraphs above.

21. **Execution by Counterparts**: It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

**SIGNATURES CONTAINED ON THE FOLLOWING PAGE**

**FOR PLAINTIFF UMA R. KANDAN**

*Uma R. Kandan*
Uma R. Kandan (Mar 11, 2026 15:36:53 CDT)
Uma R. Kandan
Plaintiff

Date: 11-Mar-2026

/s/Tulio D. Chirinos

Tulio D. Chirinos (TA)
La. Bar Roll No. 35079
20283 State Road 7, Suite 592
Boca Raton, FL 33432
Tel.: (561) 299-6334
*Attorney for Plaintiff Uma R. Kandan*

Date: 3.11.26

**FOR DEFENDANT EEOC**

Name: Jason M. Bigelow
Address: 650 Poydras St., Suite 1600
*Attorney for Defendant EEOC*

Date: 3/11/26

8